UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Mack Ray Little**, # 06604-071, | ) C/A No. 0:06-1610-TLW-BM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| **United States of America**, | ) |
| Respondent. | ) |

The petitioner is a federal prisoner at USP-Lee County in Jonesville, Virginia. He has submitted a petition for writ of error *coram nobis* to challenge his "conspiracy" conviction in Criminal No. 75-213 (DSC) arising out of a bank robbery.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 (as amended), and other habeas corpus statutes. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim



v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).

As the petitioner is a *pro se* litigant, his pleadings are accorded liberal construction.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972);  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, this pleading is still subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

---

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



## Discussion

The docket sheet in Criminal No. 75-213 indicates that petitioner pled guilty to conspiracy (18 U.S.C. § 371) before the Honorable Robert F. Chapman, (then) United States District Judge, on August 4, 1975.² Petitioner was sentenced on August 14, 1975 to five (5) years in prison. The paper docket sheet in Criminal No. 75-213 indicates that Judge Chapman directed that the sentence in Criminal No. 75-213 run consecutive to a sentence that petitioner was then serving in North Carolina. Petitioner is currently serving a federal sentence for a bank robbery conviction entered in the United States District Court for the Eastern District of North Carolina in Criminal No. 92-27-CR-BR (E.D.N.C.). See United States v. Mack Ray Little, 17 F.3d 1435 [Table], 2004 U.S.App. LEXIS® 2617, 1994 WESTLAW® 47838 (4th Cir., February 16, 1994).

The styling of this pleading as a petition for writ of error *coram nobis* does not entitle the petitioner to any relief, as the writ of *coram nobis* has been abolished in federal civil practice. *See* Rule 60(b) of the Federal Rules of Civil Procedure. Although some federal courts have held that petitions for writs of *coram nobis* may still be heard, petitioners in such cases must have completed their federal sentence(s), or extraordinary circumstances must exist.   *See* United States v. Hansen, 906 F. Supp. 688, 1995

---

²A copy of the paper docket sheet in Criminal No. 75-213 is appended to the Government's response (Entry No. 6) in the petitioner's prior civil action, Little v. United States, Civil Action No. 4:02-0510-25.

3



U.S.Dist. LEXIS® 18511 (D.D.C. 1995); and United States v. Mandel, 672 F. Supp. 864, 1987 U.S.Dist. LEXIS® 10748 (D.Md. 1987), *affirmed*, 862 F.2d 1067, 1988 U.S.App. LEXIS® 16573 (4th Cir. 1988), *cert. denied*, 491 U.S. 906, 1989 U.S. LEXIS® 3090 (1989). No extraordinary circumstances exist for the petitioner in the above-captioned case.

Similarly, the styling of the petition as a Petition for Writ of *Audita Querela*[3] would not entitle the petitioner to relief. See Brackett v. United States, 206 F.Supp.2d 183, 186-187, 2002 U.S.Dist. LEXIS® 10790 (D.Mass. 2002)(denying federal prisoner's motion for writ of *coram nobis* and motion for writ of *audita querela*: "As Section 2255 would be competent to redress Brackett's grievances had he met its time limits, the Court lacks the power to issue either the writ of error *coram nobis* or *audita querela*."). *See also* Fed. R. Civ. P. 60(b)("Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.").

Prior to the enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373, 1997 U.S.App. LEXIS® 22752 (2nd

---

[3] *Audita querela* is a common law writ for an action brought by a judgment defendant (in a civil or criminal case) to obtain relief from the judgment on account of a matter of defense or discharge arising since the judgment.

4



Cir. 1997). However, in 1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. See In re Dorsainvil, 119 F.3d 245, 249, 1997 U.S.App. LEXIS® 18963 (3rd Cir. 1997)(collecting cases). Now, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080, 1994 U.S.App. LEXIS® 159 (7th Cir.1994).

Therefore, since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. See United States v. Morehead, 2000 U.S.Dist. LEXIS® 17611, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

United States v. Morehead, supra.

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

5



> * * * *Many decisions in this circuit hold that substance controls over the caption.
>
>> Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States,* 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir.1996).
>
> *Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro*'s warn-and-allow-withdrawal approach does not apply. See *Melton,* 359 F.3d at 857.

<u>United States v. Lloyd</u>, 398 F.3d 978, 979-980, 2005 U.S.App. LEXIS® 3429 (7th Cir. 2005). *See also* <u>United States v. Winestock</u>, 340 F.3d 200, 2003 U.S.App. LEXIS® 7941 (4th Cir. 2003), *cert. denied*, <u>Winestock v. United States</u>, 157 L.Ed.2d 395, 124 S.Ct. 496, 2003 U.S. LEXIS® 7906 (2003); and <u>Rhodes v. Houston</u>, 258 F. Supp. 546 (D. Neb. 1966).

6



Additionally, it is readily apparent that petitioner's *coram nobis*-type claims have already been addressed by this court. On February 14, 2002, petitioner submitted a petition for writ of error *coram nobis* with respect to his conspiracy conviction entered in Criminal No. 75-213. Mack Ray Little v. United States of America, Civil Action No. 4:02-0510-25. Summary judgment was granted in that case on August 20, 2003. Mack Ray Little v. United States, 2003 WESTLAW® 23851176 (D.S.C., August 20, 2003). Petitioner's subsequent appeal in Civil Action No. 4:02-0510-25 (Fourth Circuit Docket No. 03-7407) was not successful.  Mack Ray Little v. United States, 81 Fed.Appx. 782, 2003 U.S.App. LEXIS® 24008 (4th Cir., November 25, 2003).   Hence, in light of petitioner's prior *coram nobis* action, the doctrine of *res judicata* bars the above-captioned case. See Polsby v. Thompson, 201 F.Supp.2d 45, 48, 2002 U.S.Dist. LEXIS® 7686 (D.D.C. 2002).  See also Shoup v. Bell & Howell, 872 F.2d 1178, 1182, 1989 U.S.App. LEXIS® 5495 (4th Cir. 1989)("'[J]ustice is better served by attributing finality to judgments . . . than by second efforts at improved results.'").

### *Recommendation*

Accordingly, I recommend that this petition for writ of error *coram nobis* be dismissed *without prejudice* and *without requiring the respondent to file a return*.  See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal

7



district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("[A] petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

The petitioner's attention is directed to the notice on the next page.

Respectfully submitted,

June 26, 2006  
Columbia, South Carolina

Bristow Marchant  
United States Magistrate Judge



### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
# The *Serious Consequences* of a Failure to Do So

The petitioner is, hereby, notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
